THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANNE L. and S.L.,<br><br>            **Plaintiffs,**<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY; UNITED BEHAVIORAL HEALTH; and STARLING PHYSICIANS P.C.,<br><br>            **Defendants.** | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:25-cv-00127-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is an unopposed motion to proceed anonymously filed by Plaintiffs Anne L. and S.L.[2] For the reasons explained below, and because the motion is unopposed, the court grants the motion.

## BACKGROUND

This case concerns Defendants' denial of benefits for S.L.'s care.[3] Plaintiffs' complaint discusses treatment S.L. received for anxiety, substance use, and self-harm when S.L. was a minor.[4] Anne L. presented extensive evidence from S.L.'s medical records in support of appeals

---

[1] ECF No. 3.

[2] ECF No. 5.

[3] *See generally* ECF No. 1.

[4] *See generally id.*

asserting that S.L.'s care at University Neuropsychiatric Institute and Elevations RTC should have been covered by Defendants.[5]

## LEGAL STANDARDS

Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."[6] With respect to minors, however, Fed. R. Civ. P. 5.2 provides that they must be named by initials unless the court orders otherwise.[7] No provision in the Federal Rules of Civil Procedure permits "suits by persons using fictitious names" or "anonymous plaintiffs."[8] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[9] Exceptional circumstances include those cases "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[10] In deciding whether to preserve anonymity, the court weighs any exceptional circumstances against the public's interest in access to legal proceedings.[11] Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a pseudonym."[12] If a court grants permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court

---

[5] *See generally id*.

[6] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

[7] Fed. R. Civ. P. 5.2(a)(3).

[8] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[9] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[10] *Id.* (quotations and citation omitted).

[11] *Id.*

[12] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

but kept under seal thereafter."[13] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[14]

## ANALYSIS

The court grants Plaintiffs' unopposed motion to proceed anonymously because this case implicates "exceptional circumstances" the Tenth Circuit and Rule 5.2 recognize as warranting anonymity. Several reasons weigh in favor of protecting Anne L. and S.L.'s identities in this case. The court takes each in turn.

First, the medical records in this case refer exclusively to S.L.'s struggles before the age of 18. Rule 5.2(a)(3) requires litigants to protect the identity of a minor by using only the minor's initials when filing pleadings. Accordingly, Plaintiffs filed the complaint in this case using S.L.'s initials to protect S.L.'s identity. Although Anne L. was not a minor at any relevant time, disclosure of Anne L.'s full name would have the impact of revealing S.L.'s identity and thus would violate the spirit of Rule 5.2(a)(3) and the policies preventing disclosure of records relating to minors.[15]

Second, a substantial portion of the record in this case is comprised of S.L.'s protected health information and records relating to S.L.'s treatment. Even absent any discussion of S.L.'s

---

[13] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[14] *Id.* (quotations and citation omitted).

[15] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (concluding that although adult parents do not enjoy a heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one another" and that "[o]rdering disclosure of the parent[s'] identities" would effectively reveal the child's identity and "place—in effect— personally identifiable and confidential information about the . . . minor in the public record").

age, those records are protected from public disclosure by HIPAA.[16] Moreover, highly sensitive and personal medical issues experienced by S.L. constitute an "exceptional circumstance" that weighs against the disclosure of Anne L.'s and S.L.'s identities.

Finally, Anne L.'s and S.L.'s identities are known to Defendants, as Defendants insured Anne L. and S.L. and administered the coverage for the insurance plan. Consequently, allowing Anne L. and S.L. to proceed anonymously does not prejudice Defendants.

In sum, the public interest in access to Anne L.'s and S.L.'s identities appears relatively limited compared to the interest in protecting Anne L.'s and S.L.'s identities and matters of a highly sensitive and personal nature. Therefore, the court concludes that Anne L. and S.L. should be permitted to proceed anonymously.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Plaintiffs' unopposed motion to proceed anonymously[17] is GRANTED.

2. On or before March 18, 2025, Plaintiffs must file under seal with the court a document containing Anne L.'s full name and S.L.'s full name. That filing shall remain under seal unless the court orders otherwise.[18]

---

[16] 42 U.S.C. § 1320d *et seq*.

[17] ECF No. 5.

[18] *W.N.J.*, 257 F.3d at 1171 ("If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter.").

IT IS SO ORDERED.

DATED this 4th day of March 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge