IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANNE L. and S.L., <br><br> Plaintiffs, <br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO TRANSFER VENUE <br><br> Case No. 2:25-cv-127-TS-JCB <br><br> Judge Ted Stewart <br> Magistrate Judge Jared C. Bennett |

This matter comes before the Court on the parties' Stipulated Motion to Transfer Venue to the United States District Court for the District of Connecticut and for Extension of Time for Defendants to File a Responsive Pleading.[1] For the reasons discussed below, the Court will grant the Motion in part.

In February 2025, Plaintiffs filed suit against Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA").[2] The parties now stipulate that this matter should be transferred to the District of Connecticut. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The decision of whether to transfer an action is within the discretion of the trial court."[3]

---

[1] Docket No. 23.

[2] Docket No. 1.

[3] *Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1205 (D. Utah 2014).

"To satisfy section 1404(a), the moving party must clearly establish two prerequisites."[4] First, that "the transferee court is a proper forum in which the action could have been brought originally."[5] Second, the moving party must demonstrate that "the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice."[6]

An ERISA case may be brought "in the district where the plan is being administered, where the breach took place, or where a defendant resides or may be found."[7] The parties agree that Plaintiffs reside in Connecticut and the relevant benefits plan is administered there,[8] satisfying the first element. Second, the parties stipulate that for the convenience of the parties and witnesses, the matter should be transferred to the District of Connecticut.[9] Accordingly, the parties have met their burden and the Court will grant the Motion.

The parties also move to extend the deadline for Defendants to answer until 21 days after the transfer is reflected in the District of Connecticut's docket. The Court declines to issue an order that binds the transferee court and will therefore deny the Motion as to this issue.

It is therefore

ORDERED that the parties' Stipulated Motion to Transfer Venue and for Extension of Time (Docket No. 23) is GRANTED IN PART; it is further

---

[4] *Mandel v. Hafermann*, No. 2:19-cv-563, 2020 WL 2849928, at *2 (D. Utah June 2, 2020).

[5] *Cmty. Television*, 997 F. Supp. 2d at 1205 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

[6] *Id.*

[7] 29 U.S.C. § 1132(e)(2).

[8] Docket No. 23, at 2.

[9] *Id.*

ORDERED that the Clerk of the Court shall transfer this action to the United States District Court for the District of Connecticut.

DATED June 9, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge